UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                              Plaintiff,

              -against-

BUFFALO POLICE DEPARTMENT, *et al.,*

                              Defendants.

20-CV-1549 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants

violated his rights in Erie County during family court proceedings held in the late 1990s. For the

following reasons, this action is transferred to the United States District Court for the Western

District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the
State in which the district is located; (2) a judicial district in which a substantial part of
the events or omissions giving rise to the claim occurred, or a substantial part of property
that is the subject of the action is situated; or (3) if there is no district in which an action
may otherwise be brought as provided in this section, any judicial district in which any
defendant is subject to the court's personal jurisdiction with respect to such action."
Under § 1391(c), a "natural person" resides in the district where the person is domiciled,
and an "entity with the capacity to sue and be sued" resides in any judicial district where
it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights in Erie County. Because Plaintiff does

not allege that any defendant resides in this district or that a substantial part of the events or

omissions giving rise to his claim arose in this district, venue is not proper in this Court under

§ 1391(b)(1), (2). Plaintiff's claims arose in Erie County, New York, which is in the Western

District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Western District of

New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District

Court for the Western District of New York, 28 U.S.C. § 1406(a).[1]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket. The Clerk of Court is further directed to transfer this action to the United States

District Court for the Western District of New York. Whether Plaintiff should be permitted to

proceed further without prepayment of fees is a determination to be made by the transferee court.

A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 6, 2020
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[1] In *Johnson v. Wolf*, ECF 1:19-CV-7337, 5 (S.D.N.Y. Nov. 5, 2019), Judge Woods ordered Plaintiff to show cause why he should not be barred from filing any future action IFP in this Court without prior permission. Plaintiff did not file a declaration as directed, but instead, on November 13, 2019, Plaintiff filed a notice of appeal. That appeal is pending.

By order dated January 27, 2020, entered in *Johnson v. Town of Onondaga*, ECF 1:19-CV-11128, 4 (CM) (S.D.N.Y. Jan. 27, 2020), this Court also directed Plaintiff to show cause why a filing injunction should not be imposed. And at least one other court has already barred Plaintiff from filing *pro se* complaints without prior permission. *See Johnson v. Abel,* No. 19-CV-2685 (E.D. Ohio Aug. 5, 2019) (deeming Plaintiff a "vexatious" litigant and barring him from filing new *pro se* actions without prior leave of court).